IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA,** <br><br>　　　　　　　　**Plaintiff,**<br><br>  v.<br><br>**HENRY COUNTY BOARD OF EDUCATION;**<br>**PAM NUTT;**<br>**BRIAN PRESTON;**<br>**CHARLES VICKERY;**<br>**ERIK CHARLES;**<br>**RAY HUDALLA; and**<br>**HENRY COUNTY SCHOOL DISTRICT, d/b/a**<br>**HENRY COUNTY BOARD OF EDUCATION,**<br><br>　　　　　　　　**Defendants.** | 1:07-cv-1054-WSD |

## OPINION AND ORDER

This matter is before the Court on the Defendants' Motion for Attorneys' Fees [24]. In the motion, Defendants assert they are entitled to an award of attorneys' fees and expenses incurred in defending against the declaratory judgment action filed by plaintiff Travelers Casualty and Surety Company of America ("Travelers"). Defendants base their attorneys' fees and expenses claim

on a provision in a contract for the construction of an elementary school in Henry County.  Defendants also claim they are entitled to attorneys' fees because Travelers engaged in bad faith and vexatious conduct in instituting this declaratory judgment action.

I.      **FACTUAL AND PROCEDURAL BACKGROUND**

This action concerns a dispute that arose under a contract to build the Timber Ridge Elementary School in McDonough, Henry County, Georgia.  In May 2003, the Henry County Board of Education (the "School Board") contracted with Action Development, Inc. ("Action") to construct the school (the "Construction Contract").  Action procured a Performance Bond and a Payment Bond for the project.  Travelers was surety on the bonds, with a penal sum of $8,774,000.

The project did not go well.  Action ultimately was terminated from the project, and the School Board demanded that Travelers perform under the performance bond.  At the School Board's request, Travelers allowed the School Board to complete the project.  When that permission was granted, Travelers and the School Board entered into a partial settlement agreement.  Travelers agreed to pay the School Board $5,300,000, to be credited toward the penal sum of the performance bond and reasonable credit for other amounts Travelers paid in

discharge of its obligations under the bond.  The School Board reserved the right to challenge some or all of the additional payments Travelers made and the extent they would be credited against the penal sum.

On March 30, 2007, Travelers documented additional sums which it claims it had expended on the school project and for which it asserted credit against the penal sum of the performance bond.  The amounts claimed exceeded the bond amount.  The School Board contested the amounts claimed.  The School Board requested additional information to support the credits requested.

The parties agreed to meet to resolve their differences.  The meeting was held on May 4, 2007.  Travelers claimed it had incurred expenses that exceeded the penal sum and thus did not owe any additional amounts.  The School Board claimed it had expended $3,835,000 to complete the school project and that Travelers was not entitled to the credits it requested.  The School Board stated that if the dispute could not be resolved, Defendants intended to sue Travelers, Action and others in the Henry County Superior Court.  In threatening litigation, the School Board stated they intended to name Action as a defendant to prohibit Travelers from removing the case to federal court.  Defs.' Br. in Supp. of Mot. for Atty's Fees [24] at 5-6.

In response to the litigation threats, Travelers requested, and received, a demand from the School Board to settle the dispute. The School Board conditioned its demand on formal approval by district officials. Travelers said it would respond to the demand by May 9, 2007. Travelers instead elected to file this declaratory judgment action on May 8, 2007.

On May 24, 2007, the Henry County School District (the "School District"), the body corporate of the School Board, filed an action in the Henry County Superior Court against Travelers and Action. Travelers filed a notice to remove the state court action to this Court claiming that Action was fraudulently joined to defeat federal diversity jurisdiction. The School District moved to remand the state court action, and, on September 6, 2007, the Court agreed that remand was appropriate.

The Defendants also moved to dismiss or stay Travelers' declaratory judgment action. Travelers opposed the motion on the grounds that it was entitled to a hearing in a neutral federal forum and argued that the factors in Ameritas Variable Life Ins. v. Roach, 411 F.3d 1328 (11th Cir. 2005), urged against dismissal. The Court, after evaluating all of the Ameritas factors, determined that the Court should exercise its discretion to abstain from hearing this matter because

"the case is better heard in the courts of the State of Georgia." Opinion and Order [22] (Jan. 15, 2007) at 17. The declaratory judgment action thus was dismissed, leaving the parties to litigate their dispute in Henry County Superior Court.

The Defendants now seek an award of attorneys' fees and expenses incurred in defending against Travelers' declaratory judgment action.

## II.   DISCUSSION

### A.   Contract Provision

The Defendants claim a provision in the Construction Contract entitles them it to an award of attorneys' fees in having to move to dismiss this declaratory judgment action. The Court disagrees.

The contract provision on which the Defendants rely provides:

> In the event that Owner finds it necessary to collect from any bond required by this Contract, Contractor and Surety shall pay Owner all costs associated therewith, including but not limited to attorney's fees, court costs, filing fees and associated expenses.

Affidavit of A.J. Welch, Jr., Exh. 1. Under Georgia law, the Court is required to enforce a contract provision according to its terms if the provision is clear and unambiguous. Harris v. Distinctive Builders, Inc., 549 S.E.2d 496, 498-99 (Ga. App. 2001); O.C.G.A. § 13-2-2(2). The Court finds no ambiguity here. Assuming

5

this fee provision is enforceable under Georgia law,[1] it provides only for an award of attorneys' fees and other expenses where the School District takes action to collect under a bond, and only if it is determined that funds under the bond are "required" to be paid under the bond.  Travelers filed this action to interpret its obligations under the performance bond and the partial settlement agreement. Opinion and Order [22] (Jan. 15, 2007) at 12 ("This case concerns solely the obligations of Travelers under the PSA and the Performance Bond").  The Court did not determine whether bond amounts were required to be paid – the Court simply deferred to the Henry Country Superior Court for the litigation of that issue. Indeed, the Defendants in this action did not file any counterclaim or otherwise seek to recoup from any bond required by the Construction Contract.  The unambiguous terms of the Construction Contract provision upon which the Defendants rely does not support an award of attorneys' fees or expenses.

      B.    **Bad Faith and Vexatious Litigation**

---

[1] Whether the School District may recover all costs in litigation, not just attorneys' fees, may raise a public policy issue under Georgia law.  Hope & Assocs., Inc. v. Marvin M. Black Co., 422 S.E.2d 918, 919 (Ga. App. 1992). However, in light of the Court's holding herein, the Court need not determine whether the scope of the "all expenses" provision in the Construction Contract complies with Georgia law.

The central issue considered in the Court's January 15, 2007 Order was whether the Court should exercise its discretion and defer resolution of this dispute to the Henry County Superior Court.  The Court carefully weighed the <u>Ameritas</u> factors, and after doing so elected to defer to the pending state court case.  The Court did not then, and does not now, believe this action was filed in bad faith, nor does the Court believe the litigation strategy employed was vexatious.  The Court acknowledges that Travelers chose a particular litigation strategy that ultimately was not successful.  An unsuccessful strategy does not mean that it was improper to pursue it.  The Court notes that it was the School District who first threw down the gauntlet when it threatened to sue Travelers (and several other barely-related parties) in state court and fashion the litigation in a manner to preclude removal.  Travelers responded by seeking to enjoin the dispute in this jurisdiction, which it perceived to be a more-neutral forum.  In the Court's experience, litigation posturing often results in inefficient and costly litigation processes, which certainly resulted here.  This action was not instituted in bad faith or vexatiously prosecuted simply because it might have been avoided had cooler heads and a more-reasoned approached been employed.

### III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Defendants' Motion for Attorneys' Fees [24] is **DENIED**.

**SO ORDERED** this 24th day of March 2008.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE